**IN THE UNITED STATES DISTRICT OF TEXAS
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JOHN RODRIGUEZ,** | § | |
| *Plaintiff* | § | |
| | § | |
| | § | **CIVIL ACTION NO. 5:19-CV-01294** |
| **VS.** | § | **JURY TRIAL REQUESTED** |
| | § | |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| *Defendant* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT – FEDERAL TORT CLAIMS ACT

JOHN RODRIGUEZ, Plaintiff, by and through heis attorneys, The Law Offices of Thomas J. Henry, now come before this Court and complains of the United States of America, as follows:

### I.    PARTIES

1.    JOHN RODRIGUEZ is an individual residing in Bexar County, Texas, and thus is a resident of the Western District of Texas.

2.    The Defendant is the United States of America.  The Defendant may be served with summons upon, Stephanie Rico, agent for service of process for the United States Attorney for the Western District of Texas, 601 N.W. Loop 410, Suite 600, San Antonio, Texas 78216.

### II.    JURISDICTION AND VENUE

3.    The claims herein are brought against The United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671 *et seq.* and 28 U.S.C. §1346(b) for money damages as compensation for loss of property and personal injuries that were caused by the negligent and wrongful acts and omissions of employees of the United States of

America while acting within the course and scope of their offices and employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of Texas.

4.    Venue is proper under 28 U.S.C. §1391(b)(2) in that all, or a substantial part, of the acts and omissions forming the basis of this suit occurred in Bexar County, Texas, which is within the Western District of Texas – San Antonio Division.

5.    Plaintiff requests a trial by jury.

### III.    CONDITIONS PRECEDENT

6.    Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.

7.    This suit has been timely filed, in that Plaintiff timely served notice of his claims on the appropriate Federal Agency.

8.    The appropriate Federal Agency failed to make a final disposition of Plaintiff's claims within six months after Plaintiff's claims were filed, and such failure is deemed by Plaintiff to be a final denial pursuant to 28 U.S.C. §2675.

### IV.    SUMMARY

9.    On August 31, 2018, Plaintiff was traveling in his vehicle in a lawful manner when he violently struck, on the passenger's side, the 2004 Postal Vehicle owned by the United States Postal Service and operated by Ricky Adames.  On the day in question the United States Postal Service vehicle was traveling southbound on Perrin Beitel Road in San Antonio, Bexar County, Texas, at the intersection with Post Office Dr. Adames failed to yield the right of way when turning left in front of traffic, and his turning left was determined to be unsafe as noted on the crash report as a contributing factor.

## V.        COUNT I – NEGLIGENCE

10.     Plaintiff incorporates by reference herein all allegations set forth above.

11.     On August 31, 2018, Plaintiff was traveling in a 2006 Ford Taurus in a lawful manner while traveling northbound on Perrin Beitel Rd., San Antonio, TX.

12.     Ricky Adames was traveling westbound on Perrin Beitel Rd., San Antonio, TX.

13.     At all times relevant hereto, Ricky Adames was acting within the course and scope of his office and employment with Defendant the United States of America, specifically as a member of the United States Postal Service.

14.     Ricky Adames operated the vehicle in a negligent manner and violated the duty which he owed the Plaintiff to exercise ordinary care in the operation of the motor vehicle in one or more of the following respects:

  a.     in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

  b.     in failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

  c.     in failing to turn the vehicle in an effort to avoid the collision in question;

  d.     in failing to sound horn to warn of imminent danger;

  e.     in failing to pay proper attention while driving; and

  f.     in failing to yield the right of way coming from a stop sign.

15.     Each of these acts and/or omissions of Ricky Adames, whether taken singularly or in any combination constitute negligence, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

## VII.   DAMAGES

16.   As a direct and proximate result of the collision and the negligent conduct of the Ricky Adames, Plaintiff suffered severe bodily injury to the neck, upper back, lower back, and other parts of body generally. The injuries are permanent in nature and have had a serious effect on Plaintiff's health and well-being.  These specific injuries and their ill effects have, in turn, caused the Plaintiff's physical and mental conditions to deteriorate generally, and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiff to suffer consequences and ill effects of this deterioration throughout his bodies for a long time in the future, if not for the balance of his natural life. As a further result of the nature and consequences of his injuries, Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

17.   As a further result of the injuries sustained by Plaintiff, there is a reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary expenses for his medical care and attention.

18.   As a consequence of the injuries sustained by Plaintiff, he has sustained physical impairment and/or disfigurement.  In all reasonable probability, this disability will cause Plaintiff to suffer long into the future, if not for the balance of his natural life.

19.   Specifically, as a direct and proximate result of the negligent acts of Ricky Adames, Plaintiff has endured significant pain and suffering, mental anguish, and physical impairment as a result of the collision in question.

## VIII.   PRAYER FOR RELIEF

20.    WHEREFORE, Plaintiff is entitled to damages from the United States of America, and they do hereby pray that judgment be entered in his favor and against the United States of America as follows:

1.    Pain and suffering in the past;

2.    Pain and suffering in the future;

3.    Mental anguish in the past;

4.    Mental anguish in the future;

5.    Past medical expenses;

6.    Future medical expenses;

7.    Physical impairment in the past;

8.    Physical impairment in the future;

9.    Physical disfigurement in the past;

10.    Physical disfigurement in the future;

11.    Loss of past wages;

12.    Loss of future wages;

13.    Loss of wage earning capacity;

14.    Loss of consortium

15.    Property damage; and

16.    Loss of use.

Plaintiff further seeks any further and additional relief at law or in equity that this Court may deem appropriate or proper.

RESPECTFULLY SUBMITTED,

LAW OFFICES OF THOMAS J. HENRY
5711 UNIVERSITY HEIGHTS, SUITE 101
SAN ANTONIO, TX 78249
PHONE: (361) 985-0600;    FAX: (361) 985-0601

BY:    _____
TIFFANY GEORGE
STATE BAR NO. 24087577
*email: tgeorge-svc@tjhlaw.com
ATTORNEY FOR PLAINTIFF
* service by email to this address only